## CITY OF DULUTH v. CONDACE J. MILES.

August 4, 1898.

Nos. 11,188—(221).

City of Duluth—Local Assessment—Application for Judgment—
Certified Statement—Jurisdiction.

Where, in proceedings under the charter of the city of Duluth (Sp. Laws 1887, c. 2, subc. 5), pertaining to local improvements and special assessments, as amended (Sp. Laws 1889, c. 19, § 8, and Sp. Laws 1891, c. 55, § 18), all charter provisions have been duly complied with when application for judgment against delinquent property is made to the court, except that the comptroller has failed to fully comply with the provision which requires him to "make up" and file a "certified statement" as to delinquents, the court has jurisdiction to order judgment for want of answer or objections, for the amount of the assessment against each piece or parcel delinquent, with interest, damages and costs. The filing of this statement is not a jurisdictional prerequisite to the entry of judgment, and a failure to file is, at most, a mere irregularity.

Same—Entry of Judgment.

Judgment in such proceeding is entered when that part of section 18, supra, under the heading, "Judgment—How rendered," is complied with. Nothing more is required.

The city comptroller of Duluth having applied to the district court for St. Louis county to enforce a delinquent assessment for street grading, judgments by default for certain instalments of the assessment were rendered against a certain lot owned by Condace J.

Miles. The owner then appeared specially and moved the court to vacate these judgments, and from an order, Cant, J., denying the motion, she appealed. Affirmed.

*Teare & Middlecoff* and *M. Douglas*, for appellant.

The failure of the comptroller to file a certified statement of the delinquent assessments, as required by the charter, left the court without jurisdiction in the matter. The proceeding in this case being unusual and extraordinary, and not according to the course of the common law, nothing can be presumed or taken by intendment. Cooley, Taxn. (2d Ed.) 526, 529; Thatcher v. Powell, 6 Wheat. 119; Sibley v. Smith, 2 Mich. 487, 498; McComb v. Bell, 2 Minn. 261 (295); Seymour v. Peters, 67 Mich. 417; Olsen v. Bagley, 10 Utah, 492; Hamilton v. Township, 107 Mich. 419; Feagin v. Jones, 94 Ala. 597; Glos v. Randolph, 138 Ill. 268; People v. Henckler, 137 Ill. 580; Sankey v. Seipp, 27 Ill. App. 299; Duff v. Neilson, 90 Mo. 93.

*J. B. Richards*, for respondent.

Jurisdiction does not depend on the certification of the delinquent list, but on the giving of due notice to the parties, and the filing of the delinquent lists, whether properly certified or not. Board of Co. Commrs. v. Morrison, 22 Minn. 178; Bennett v. Blatz, 44 Minn. 56; Chauncey v. Wass, 35 Minn. 1; City of Duluth v. Diblee, 62 Minn. 18.

COLLINS, J.

The owner of certain real property in the city of Duluth appeals from an order denying her motion and application to vacate and set aside judgments theretofore entered against said property in special assessment proceedings, on the ground that the court had no jurisdiction to enter said judgments.

1. The proceedings in question were conducted under the charter provisions (Sp. Laws 1887, c. 2, subc. 5) pertaining to local improvements and special assessments. Section 10 of said subchapter, as amended (Sp. Laws 1889, c. 19, § 8, and Sp. Laws 1891, c. 55, § 18), is the particular portion of the charter which we now have specially to consider. When the order of confirmation is attached to or

indorsed upon the assessment roll, all things therein contained are res judicata, and the amount of the assessment thereupon becomes a lien on each piece or parcel of land. A copy of the assessment roll being delivered to the city treasurer, and notice given thereof by the comptroller, all parties interested are allowed 30 days in which to pay and secure a discount, and thereafter (amendment of 1891, supra) it is made the duty of the comptroller to "make up" a "certified statement" of the amount of the assessments delinquent, said statement to contain the names of the delinquent owners, a description of the assessment for which said amounts were levied, and of the lands affected; and this statement is the basis of the application to the court for judgment against each piece and parcel of land remaining delinquent.

Notice is then given by the comptroller of his intended application for judgment to the district court, and, when given in accordance with the statute, "shall be deemed to be sufficient and legal notice to all property owners of the intended application." A copy of this notice of application, with the proof of its publication and the certified statement of delinquent assessments, is to be filed with the clerk of the court at or before the time the application is made for judgment. It need not be filed before. At the time set, it is made the duty of the court to proceed to a hearing, and to pronounce judgment for the amount of the assessment, interest, damages and costs, against each lot or parcel for which no answer or objection has been filed.

As to the property in question no answer or objection was filed; and, at the time fixed by the comptroller in his notice, the judgments in controversy were entered. The point made in the motion is that the comptroller omitted to prepare and file the certified statement, which is designated as the basis of the application, and therefore the court was without jurisdiction to render the judgments. No other alleged irregularity is suggested, nor is it claimed that the property owner has any defense on the merits.

It is admitted that notice of the application for judgment was duly given by publication, the notice specifying the respective assessments, a description of each piece of property against which judgment was demanded, and also containing a requirement that

all parties interested should attend upon the court at the time fixed for the hearing. This notice was in strict conformity with the provisions of the charter, and the court thus obtained jurisdiction to enter judgment in default cases.

A provision of the law so indefinite as is the one in question, merely requiring that a "certified statement" shall be "made up" by the comptroller as to what assessments remain unpaid and delinquent, which statement need not be filed with or presented to the court until the very moment application is made for judgment, cannot be held to be of a jurisdictional character in any strict sense. The jurisdiction of the court to render judgment in proceedings of this kind cannot be made to depend upon formality of statement, where the statute itself is conspicuously lacking in precision. From the indefinite language used in reference to the certified statement, it seems evident that its sole purpose and design was to inform the court, through the comptroller, and rather informally, that certain assessments remained unpaid and had become delinquent. Such a statement served no other office, and in other concurrently filed papers in the proceeding was to be found, in accordance with the statute, all that could appear in the statement, and presented in a much more formal and complete manner.

The fact that when the notice of the intended application is published, as required, sufficient and legal notice to all property holders is declared to be given, confirms this view. The statute also makes it the duty of the court, at the time set for the hearing (proof of the publication of notice being filed), to proceed immediately, and, where no answer or objections are filed, to pronounce judgment for the amount due, as before stated. Even if appellant had appeared and filed at the hearing the objection now made to an entry of judgment, it would have been summarily overruled, under the provision in section 18 of the act of 1891, found under the heading, "Owner may appear and defend."

While the statement presented by the comptroller when applying for the judgments in question may not have been properly certified to, and may have been defective in some respects, all that would have appeared if the statute had been literally complied with was before the court in other papers filed by the comptroller at the same

time, and the court was fully informed in the premises. All of the statutory requirements on which depended the right to enter judgment had been observed, and, at most, there was a mere irregularity in the mode of procedure when the comptroller failed to certify as to some matters which, at the same time and in other documents filed by him, were made to appear.

2. Counsel for appellant insist, as another ground for the allowance of their motion, that no judgments were in fact entered against their client's property. It seems to be their claim that judgments should have been entered, as in ordinary civil actions, against each piece or parcel of land for the amount of the assessment, with interest, damages and costs. In this counsel are wholly mistaken. This is a special proceeding, and under the heading, "Judgment— How rendered," in section 18 of the 1891 amendatory act, are to be found full provisions as to the mode of entering judgment, with the form thereof, to be made out and signed by the clerk under the direction of the court. These provisions were fully followed, and the order made out and signed in accordance with the prescribed form. No other entries were required.

This disposes of the appeal, and the order stands affirmed.